JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BETTY RIOLO

## DEFENDANTS
NCO FINANCIAL SYSTEMS, INC.

(b) County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☒ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE _____ DOCKET NUMBER _____

Explanation:

DATE 2/2/12

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **32295 Highway 27, Guys Mills PA 16327**

Address of Defendant: **507 Prudential Rd. Horsham PA 19044**

Place of Accident, Incident or Transaction: _____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑

Does this case involve multidistrict litigation possibilities?   Yes☐   No☑

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases **15 U.S.C. § 1692**
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, **Craig Thor Kimmel**, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: **2/2/12**   _____   **57100**
              Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **2/2/12**   _____   **57100**
              Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Betty Riolo                                          :          CIVIL ACTION
                    v.                               :
NCO Financial Systems, Inc.                          :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.             (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                         ( )

2/2/12             Craig Thor Kimmel            Betty Riolo
Date               Attorney-at-law              Attorney for

215-540-8888       877-788-2864                 kimmel@creditlaw.com
Telephone          FAX Number                   E-Mail Address

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETTY RIOLO, | ) |
| Plaintiff | ) |
| v. | ) Case No.: |
| NCO FINANCIAL SYSTEMS, INC., | ) COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendant | ) |
| | ) (Unlawful Debt Collection Practices) |

## COMPLAINT

BETTY RIOLO ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant has its corporate headquarters in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Guys Mills, Pennsylvania 16327.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Also, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania 19044.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

12. Upon information and belief, the debt arose out of transactions that were primarily for personal, family, or household purposes.

13. Beginning in or around October 2011, and continuing through December 2011, Defendant continuously and repeatedly contacted Plaintiff on her home telephone seeking and demanding payment of several alleged debts.

14. Defendant contacted Plaintiff, on average, two (2) to three (3) times a day during the relevant period, leaving her pre-recorded voicemail messages.

15. In its pre-recorded voicemail messages, Defendant announced that it was calling "to collect a debt."

PLAINTIFF'S COMPLAINT

16. On at least one occasion, one of Plaintiff's family members overheard Defendant leaving a message on Plaintiff's home answering machine, in which Defendant disclosed that it was calling in an attempt to collect a debt.

17. It was embarrassing, humiliating, and harassing to Plaintiff to have her family hear that Defendant was contacting her to collect a debt.

18. In those instances when Plaintiff answered Defendant's telephone calls, no one was on the other line.

19. Plaintiff disputes owing the debts Defendant was seeking to collect.

20. Defendant was attempting to collect on medical bills, which had been already paid by Plaintiff's insurance provider (Medicare).

21. Furthermore, Plaintiff has correspondence from the hospital indicating that the she owes a $0.00 balance on these accounts which Defendant was attempting to collect.

22. Finally, on at least one occasion, Plaintiff informed Defendant that it was contacting her too many times each day and that she did not want them leaving embarrassing messages about the alleged debts on her home answering machine.

23. Defendant deceptively claimed to Plaintiff that it would take her off its call list.

24. However, Defendant continued to contact Plaintiff, leaving voice mail messages on her home answering machine, with the intent to further harass and humiliate Plaintiff.

25. Upon information and belief, Defendant contacted Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying this debt.

## CONSTRUCTION OF LAW

26. The FDCPA is a strict liability statute. <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer

need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

27. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

28. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

29. In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated the FDCPA generally;

    b. Defendant violated §1692d of the FDCPA when it harassed, oppressed or abused Plaintiff in connection with the collection of a debt;

    c. Defendant violated §1692d(5) of the FDCPA when it caused Plaintiff's phone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff;

    d. Defendant violated §1692e of the FDCPA when it used false, deceptive or misleading representations or means in connection with the collection of a debt;

    e. Defendant violated §1692e(2) of the FDCPA when it falsely represented the character, amount, or legal status of any debt;

    f. Defendant violated §1692f of the FDCPA when it used unfair and unconscionable means in connection with the collection of a debt; and

    g. Defendant violated §1692f(1) of the FDCPA by collecting any amount not authorized by the agreement creating the debt or permitted by law.

WHEREFORE, Plaintiff, BETTY RIOLO, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BETTY RIOLO, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 2/2/12

By: _____
CRAIG THOR KIMMEL
Attorney ID No. 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email:   kimmel@creditlaw.com